IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bernard Murphy, #279704 ) | |
| ) | Civil Action No.8:08-2432-HMH-BHH |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| George T. Hagan, Warden ) | |
| of Allendale Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 19.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on July 2, 2008.[1] On November 10, 2008, the respondent moved for summary judgment. By order filed November 12, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 6, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

## PROCEDURAL HISTORY

The petitioner is currently incarcerated in the Allendale Correctional Institution. In February 2001, the petitioner was indicted for first degree burglary and petit larceny. (PCR App. 309-12.) The petitioner was represented by Attorney Doug Strickler and he was tried

---

[1]This filing date reflects that the envelope containing the petition was date stamped as having been received on July 2, 2008, at the Allendale Correctional Institution mailroom. (Pet. Attach # 2.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

before a jury October 30 - 31, 2001, with the Honorable Henry L. McKellar presiding. The jury convicted the petitioner as charged and Judge McKellar sentenced the petitioner to fifteen years for the burglary and thirty days for the larceny. (PCR App. 233-34.) The petitioner appealed.

Tara S. Taggart of the Office of Appellate Defense was appointed to represent the petitioner on his direct appeal, and on June 25, 2003, she filed with the South Carolina Court of Appeals a brief raising the following issue: "Did the trial judge err in denying Murphy's motion to suppress the identification of him?" (PCR App. 236.) On December 17, 2003, the South Carolina Court of Appeals affirmed the petitioner's convictions in an unpublished opinion, *State v. Murphy*, 2003-UP-739 (S.C. Ct. App. 2003). (PCR App. 275.) The remittitur was sent down on January 5, 2004.

On December 22, 2004, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief:

    1. Subject Matter jurisdiction Ineffective Indictment;

    2. Ineffective Assistant of Counsel.

(PCR App. 262.) On December 4, 2006, a hearing was held before the Honorable Casey L. Manning. The petitioner was present and represented by counsel Tara Shurling, Esquire. (PCR App. 277.) On December 20, 2006, Judge Manning filed an order denying the petitioner's PCR. (PCR App. 302.) The petitioner filed an appeal.

Assistant Appellate Defender Wanda H. Carter was appointed to represent the petitioner on his PCR appeal. On August 20, 2007, Carter filed with the state supreme court a petition to be relieved as counsel and a *Johnson* petition for writ of certiorari raising the following issue: "The PCR court erred in denying petitioner's allegation that the solicitors engaged in prosecutorial misconduct in the case." On October 17, 2007, the petitioner filed a "Pro Se Response to the Johnson Petition for Writ of Certiorari" raising the following issues, quoted verbatim:

> 1. The PCR Court erred by finding counsel provided effective assistance with respect to his investigation and presentation of evidence to support the misidentification defense where the conclusion is not supported by the evidence on record.
>
> 2. The PCR Court erred in finding that counsel provided effective assistance with respect to his failure to move for dismissal of te indictment where the finding is not supported by the evidence on record.

On May 7, 2008, the South Carolina Supreme Court denied the *Johnson* petition and granted the motion to be relieved. The remittitur was sent down on May 23, 2008.

In this habeas petition, the petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One**: The petitioner's right to due process as guaranteed by the 14th Amendment was violated by the trial court admission of identification evidence that was conducive to irreparable misidentification.
>
> **Ground Two:** The petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to object to vindictive prosecution by the solicitor.
>
> **Ground Three:** The petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to present evidence to support the defense of misidentification.
>
> **Ground Four:** The petitioner was denied due process where the evidence was insufficient to support a guilty verdict.

(Pet. 6-11.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. §

2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR.

S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

### B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a

prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

D. Cause and Actual Prejudice

8

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

**Procedurally Barred Claims**

Initially, the respondent contends that the issues raised in Grounds Two and Four were not properly exhausted and are now procedurally barred. The undersigned agrees.

In Ground Two, the petitioner alleges trial counsel was ineffective for failing to object to allegedly vindictive prosecution. Specifically, the petitioner alleges that the solicitor sought a LWOP sentence based on a non-existent prior offense because the petitioner had refused to accept a plea bargain. (Pet'r's Mem. Opp. Sum.J. Mot. at 4.) The respondent contends that this issue was not raised in the petitioner's state PCR proceeding. *Pruitt v. State*, 423 S.E.2d 127, n. 2 (S.C. 1992)(holding issue must be raised to and ruled on by the

9

PCR judge in order to be preserved for review). The petitioner argues that this issue was raised in his PCR appeal and at his PCR hearing as part of his subject matter jurisdiction claim. (Pet'r's' Mem. Opp. Summ. J. Mot. at 5.)   Even if petitioner did raise this issue in his PCR appeal, this issue is still barred from federal review in that the issue was procedurally defaulted in state court under *Coleman v. Thompson*, 501 U.S. 722, because the petitioner's subject matter jurisdiction claim was not ruled upon by the PCR judge and the petitioner did not obtain a ruling via a Rule 59(e) motion.  (See App. 302-307.)

In Ground Four, the petitioner alleges he was denied due process because there was insufficient evidence to support a guilty verdict.  The petitioner did not raise this issue on direct appeal. Accordingly, this issue is also procedurally barred.  *Coleman,*  501 U.S. 722

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 750.   The petitioner concedes that the issue raised in Ground Four is procedurally barred.  (Pet'r's Mem. Opp. Summ. J. Mot. at 8.)  However, he contends it would be a fundamental miscarriage of justice to allow a conviction to stand where insufficient evidence exists.   (*Id*.)

The undersigned find that the petitioner has not met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered. *Murray v. Carrier,* 477 U.S. 478, 496 (1986)(holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").   To prevail under an "actual innocence" theory, the petitioner must produce new evidence that was not available at trial to show his factual innocence.  *Royal v. Taylor,* 188 F.3d 239, 244 (4th Cir. 1999).  Further,

10

the petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." *United States v. Mikalajunas,* 186 F.3d 490, 494 (4th Cir. 1999). The petitioner has failed to do so. Accordingly, he cannot establish cause and prejudice and thus this issue is procedurally barred.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the issue in Grounds Two and Four as they are procedurally barred.

**Ground One**

In Ground One, the petitioner alleges his due process rights were violated by the "trial court's admission of identification evidence that was conducive to irreparable misidentification." As noted above, the petitioner was identified by the victim in a single person show-up. The trial court held a *Jackson v. Denno* hearing and found the identification admissible. (App. 22-58.) The petitioner raised this issue in his direct appeal and the South Carolina Court of Appeals affirmed in an unpublished opinion. (App. 275-276.)

It is clearly-established federal law that the Due Process Clause affords the accused the right to exclude identification testimony that results from unnecessarily suggestive procedures that may lead to an irreparably mistaken identification. *Neil v. Biggers,* 409 U.S.

11

188, 198 (1972). "First, the court must consider whether the identification procedure is unnecessarily suggestive." *Satcher v. Pruett,* 126 F.3d 561, 566 (4th Cir.1997). "A procedure is unnecessarily suggestive if a positive identification is likely to result from factors other than the witness's own recollection of the crime." *Id.* (internal quotation marks omitted). Second, the court must look at the five factors from *Neil v. Biggers*, 409 U.S. 188 (1972), to determine if the identification testimony is nevertheless reliable under the totality of the circumstances. *Id*. The five factors outlined in *Neil v. Biggers*, the United States Supreme Court are: (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the witness' level of certainty at the confrontation; and (5) the time between the crime and the confrontation.

Certainly, a show-up is not be a favored procedure. *See Stovall v. Denno*, 388 U.S. 293 (1967). However, it is equally clear that the use of such a procedure does not necessarily violate due process; such a determination can only be made by reference to the totality of circumstances. *Id.* at 302.

Here, the totality of the circumstances and all five of the *Biggers* factors support the state court's finding that the identification of the petitioner was sufficiently reliable.

1. The Opportunity to View. The victim had an adequate opportunity to view the perpetrator. She testified that she had a very good view of the person. (App. 27.) She testified that she was ten feet from him in a well-lit area and there was a full moon that night. (App. 26-27.) The petitioner argues that the witness did not have ample opportunity to observe the perpetrator's face. Even if true, "height, weight and clothing are acceptable elements of identification" especially where, as here, "the confrontation takes place shortly after the crime when it may reasonably be inferred that the suspect is dressed as he was at the time of the [crime]." *Willis v. Garrsion,* 624 F.2d 491, 494-95 (4th Cir. 1980).

12

2. The Degree of Attention.  As a victim, the witness unquestionably had an opportunity to observe and her attention was undivided. *See Mysholowsky v. New York*, 535 F.2d 194, 197 (2d Cir.1976) (stating that a victim of a crime is more likely than a casual bystander to pay close attention to te criminal's appearance).

3. Accuracy of the Description.  The victim's description of the perpetrator was accurate and consistent with the petitioner's appearance. She testified that the perpetrator robber was an African-American taller man with dark long pants and a dark long-sleeved shirt and long dreadlocks. (App. 26-27.)  The petitioner alleges that the witness did not mention that the perpetrator had facial hair (a braided beard and mustache). (Pet'r's Mem. Opp. Summ. J. at 3.)  The undersigned notes, however, that trial counsel presented argument about this in his closing argument.  (App. 196.)

4. The Witness' Level of Certainty.  The victim testified at trial that she was certain of her identification.  She testified she had no doubt.  (App. 29; 94.)

5. The Time Between the Crime and Confrontation.  The victim's identification of the petitioner as the perpetrator occurred approximately ten minutes after the crime. This short time frame weighs in favor of reliability. *Id.* at 494-95.

While the identification procedure may have been suggestive since only one person was presented to the victim, there did not, under the totality of the circumstances, exist a substantial likelihood of irreparable misidentification.  Based on the foregoing, the undersigned finds that the state court's decision is not contrary to clearly-established federal law, and the decision was not unreasonable. The trial judge considered all of the factors in determining whether the identification evidence was reliable.   The state court did not unreasonably apply federal law to the petitioner's claim. Accordingly, this ground is without merit.

**Ground Three**

13

In Ground Three, the petitioner alleges trial counsel was ineffective for failing to present evidence to support the defense of misidentification. The petitioner alleges trial counsel should have presented evidence of his appearance when he was booked and to show that he had facial hair which was not included in the victim's description of the perpetrator.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United State Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id.* at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland,* defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell,* 506 U.S. 364 (1993). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland,* 466 U.S. at 689.

The petitioner raised this issue in his PCR proceeding. The PCR judge noted that trial counsel had made arguments about this discrepancy in his closing arguments. The PCR judge concluded that trial counsel was not deficient and there was no prejudice.

Reviewing the record, the undersigned first notes that the State entered into evidence a photograph of the petitioner on the night of the incident. (App. 122.) Further, trial counsel called a jail witness to testify that the petitioner's property documentation did

14

not reflect the police taking custody of a dark shirt. (App. 165-67.)   Additionally, the petitioner testified that he was not wearing a shirt when arrested, and that at the time of the incident he had a long braided beard.  (App. 174-175.)  Finally, in closing argument, trial counsel noted the lack of a shirt conflicted with the victim and officers' testimony, and also argued that the victim did not describe any facial hair of the petitioner and this was reasonable doubt as to whether she ever saw his face. (App. 198-200.)

The petitioner has not presented any additional evidence that trial counsel could have presented on this issue. *Bassette v. Thompson*, 915 F.2d 932 (4th Cir. 1990) (holding allegation that attorney did ineffective investigation does not support relief absent proffer of the supposed witness's favorable testimony).  Moreover, the petitioner's claim that trial counsel could have argued these points more strenuously (Pet'r's Mem. Opp. Summ. J. Mot. at 8) is insufficient to meet the prejudice standard.   *Griffin v. Delo,* 33 F.3d 895, 903 (8th Cir. 1994) (holding no reason to conclude that more passionate or well-reasoned arguments would have altered jury's verdict and sentence).  Accordingly, the state court's decision was not contrary, nor an unreasonable application of, clearly established  federal law.  Further, it was not based upon an unreasonable determination of facts in light of the state court record.  Accordingly, this ground is without merit and should be dismissed.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 19) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                           s/Bruce Howe Hendricks
                                                           United States Magistrate Judge

April 11, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).