IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bernard Murphy, #279704, ) | |
| ) | |
| Petitioner, ) | C.A. No. 8:08-2432-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| George T. Hagan, Warden of Allendale ) | |
| Correctional Institution ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Bernard Murphy ("Murphy") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Hendricks recommends granting Respondent's motion for summary judgment. Murphy filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondent's motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

Murphy is currently incarcerated at Allendale Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On October 31, 2001, Murphy was found guilty

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

after a jury trial of first degree burglary and petit larceny.  Murphy was sentenced to fifteen years' imprisonment for the burglary offense and thirty days imprisonment for the larceny offense.  Murphy was represented at trial and sentencing by Doug Strickler ("Strickler").  Represented by Tara Taggart ("Taggart"), Murphy filed a timely appeal of his conviction and sentence.  On June 25, 2003, Taggart filed a brief with the South Carolina Court of Appeals raising the issue of whether the trial judge erred in denying Murphy's motion to suppress the out of court identification of Murphy by the victim.  The South Carolina Court of Appeals affirmed Murphy's conviction on December 17, 2003.

On December 22, 2004, Murphy filed an application for post-conviction relief ("PCR") raising two grounds for relief:  ineffective indictment due to lack of subject matter jurisdiction and ineffective assistance of counsel.  (Resp't Mem. Supp. Summ. J. (App. at 262).)  A hearing on the PCR application was held on December 4, 2006, before the Honorable Casey Manning.  On December 20, 2006, Murphy's PCR application was denied.  Murphy filed a timely appeal.  Wanda H. Carter ("Carter") was assigned to represent Murphy on his PCR appeal.  On August 20, 2007, Carter filed with the South Carolina Supreme Court a petition to be relieved as counsel as well as a <u>Johnson</u> petition for writ of certiorari raising the issue of whether the PCR court erred in denying Murphy's allegation that the Government engaged in prosecutorial misconduct.  On October 17, 2007, Murphy filed a pro se response to the petition for writ of certiorari raising two additional issues:

> 1.  The PCR Court erred by finding counsel provided effective assistance with respect to his investigation and presentation of evidence to support the misidentification defense where the conclusion is not supported by the evidence on record.

2

> 2. The PCR Court erred in finding that counsel provided effective assistance with respect to his failure to move for dismissal of the indictment where the finding is not supported by the evidence on record.

(Response to Johnson Petition 1.)  The Supreme Court denied Murphy's petition and granted Carter's motion to be relieved on May 7, 2008.

Murphy filed the instant § 2254 petition on July 2, 2008,[2] raising the following grounds for relief:

> Ground One:  The petitioner's right to due process as guaranteed by the 14th Amendment was violated by the trial court admission of identification evidence that was conducive to irreparable misidentification.
>
> Ground Two:  The petitioner was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to object to vindictive prosecution by the solicitor.
>
> Ground Three:  The petitioner was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to present evidence to support the defense of misidentification.
>
> Ground Four:  The petitioner was denied due process where the evidence was insufficient to support a guilty verdict.

(Murphy § 2254 Pet. 6-13.)  Respondent filed a motion for summary judgment on November 10, 2008.  Murphy filed a memorandum in opposition to Respondent's motion for summary judgment on February 4, 2009.  Magistrate Judge Hendricks recommends granting Respondent's motion for summary judgment.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

4

## B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254.  Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Murphy has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410).  "Thus, to grant [Murphy's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because the claims raised in Murphy's petition are either procedurally defaulted or without merit. (Report and Recommendation, generally.) Further, the magistrate judge submits that Murphy has failed to show cause or prejudice or a fundamental miscarriage of justice to excuse his procedural default.

Murphy filed objections to the Report and Recommendation. Murphy provides four specific objections to the magistrate judge's Report. According to Murphy, the magistrate judge erred (1) in finding that his ineffective assistance of counsel claim for failure to object to vindictive prosecution is procedurally defaulted; (2) in concluding that Murphy did not show a fundamental miscarriage of justice as to overcome the procedural default of his insufficient evidence to support a guilty verdict due process claim; (3) in finding that the state court did not deny Murphy due process by admitting "misidentification" evidence; and (4) in concluding that Murphy's trial counsel was not ineffective for failing to present evidence to support a misidentification defense. (Objections, generally.)

The magistrate judge concluded that Murphy's ineffective assistance of counsel claim for failure to object to vindictive prosecution is procedurally barred because Murphy did not raise this issue in his state PCR proceeding. Murphy argues that this issue was "raised as part of his subject matter allegation." (Objections 3.) Upon review of Murphy's state PCR application, a claim for ineffective assistance of counsel for failure to object to vindictive prosecution was not raised. Accordingly, Murphy did not preserve this issue for review. See Pruitt v. State, 423 S.E.2d 127, 128 n.2 (S.C. 1992) (explaining "the general rule that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review").

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Murphy's procedural default may be excused only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Murphy, however, has not provided the court with any evidence to establish cause for default or prejudice with respect to his ground two ineffective assistance of counsel claim. Accordingly, Murphy has not established cause for the default and his objection that this claim is not procedurally defaulted is without merit.

Next, Murphy agues that the magistrate judge erred in concluding that he did not show a fundamental miscarriage of justice to overcome the procedural default of his ground four due process claim.  In his § 2254 petition, Murphy alleges that he was denied due process because the evidence presented at trial was insufficient to support a guilty verdict.  (Murphy § 2254 Pet. 11.)  Murphy concedes that this claim is procedurally defaulted because he did not raise the issue on direct appeal.  However, Murphy alleges that "the evidence upon which his conviction rests was based solely on an identification procedure that was so tainted, the resulting conviction was a denial of due process . . . [and] this court [should] find a fundamental miscarriage of justice sufficient to overcome the procedural bar."  (Objections 4.)

"[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  Claims of actual innocence are subject to a demanding standard.  Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998).  To be credible, Murphy's actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  "A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt, and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Wilson, 155 F.3d at 404-05 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)) (internal citation omitted).  In his § 2254 petition, Murphy attempts to rehash the evidence presented at trial and argues that "he was convicted based on constitutionally insufficient evidence and that the trial court's decision to allow the case to go to a jury was an unreasonable application of federal law to the facts of the

case." (Murphy § 2254 Pet. 11a.) The court has reviewed all of the evidence and concludes that Murphy has not presented sufficient new, reliable evidence necessary to support his claim of actual innocence. Therefore, this objection is without merit.

Next, Murphy objects to the magistrate judge's conclusion that the admission of identification evidence did not violate clearly-established federal law. Murphy alleges that "the state court failed to weigh the relative suggestiveness of the identification procedure employed by police." (Objections 5.)

The Due Process Clause affords the accused the right to exclude identification testimony that results from unnecessarily suggestive procedures that may lead to an irreparably mistaken identification. Neil v. Biggers, 409 U.S. 188, 198 (1972). "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007). Evaluating the identification procedure is a two-step process. "First, the defendant must show that the photo identification procedure was impermissibly suggestive." Id. "Second, if the defendant meets this burden, a court considers whether the identification was nevertheless reliable in the context of all of the circumstances." Id. at 389-90.

> The following five factors are considered in assessing the reliability of such an out-of-court identification: (1) the witness's opportunity to view the suspect at the time of the crime; (2) the witness's degree of attention at the time; (3) the accuracy of the witness's initial description of the suspect; (4) the witness's level of certainty in making the identification; and (5) the length of time between the crime and the identification.

Id. at 391.

Murphy alleges that "the lack of evidence of guilt apart from the identification was a factor that should have been, but was not, considered in the analysis. [Additionally,] . . . the state court['s] focus on the victim's certainty at the confrontation that [Murphy] was the individual she saw steal her lawnmower and the short time span between the incident and the confrontation was misplaced." (Objections 5.) The trial court held a hearing and found the identification admissible.

At the hearing, the victim testified that the perpetrator was in her backyard which was illuminated by street lights. (Resp't Mem. Supp. Summ. J. (App. at 26.).) She stated that she clearly saw the perpetrator, describing him as a tall African-American male with very distinct features, long hair, and wearing dark clothing. (Id.) Additionally, the victim identified Murphy as the perpetrator approximately ten minutes after the crime. At the conclusion of the hearing, the trial court concluded that the totality of the circumstances indicated that the victim had the opportunity to view the perpetrator and see the crime. "[S]he was explicit in her degree of attention even though it was short . . . . Her description was accurate. She was certain of the confrontation. She said without a doubt that was him, and then a few minutes later she view[ed] him in a show-up by the police." (Id. at 57.) As such, the trial court found that the identification was not unduly suggestive.

Based on the foregoing, the court finds that the trial court's decision is not contrary to clearly-established federal law, and the decision was not unreasonable. The trial judge considered all of the necessary factors in determining whether the identification evidence was reliable. Further, there is no evidence that the identification procedure was unnecessarily suggestive. Accordingly, Murphy's objection is without merit.

Lastly, Murphy alleges that his trial counsel was constitutionally ineffective for failing to present evidence to support the defense of misidentification. (Objections 6.) According to Murphy, "counsel did not attempt to procure photographs from street cameras and [my] booking photograph in order to demonstrate the highly distinctive braided beard." (Id.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Murphy must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Murphy must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Murphy has failed to provide sufficient evidence to demonstrate that his trial counsel's performance was constitutionally ineffective. As the magistrate judge explains, "trial counsel called a jail witness to testify that [Murphy's] property documentation did not reflect the police taking custody of a dark shirt." (Report and Recommendation 14-15.) Additionally, "in closing argument, trial counsel noted the lack of a shirt conflicted with the victim and officers' testimony, and also argued that the victim did not describe any facial hair of [Murphy] and this was reasonable doubt as to whether she ever saw his face." (Id. at 15.) Moreover, Murphy testified that he was not wearing a shirt when arrested and at the time of the incident, he had a long braided beard. Murphy, therefore, was given an opportunity to rebut the identification

11

evidence and his trial counsel presented evidence to rebut the victim's identification. Accordingly, Murphy's objection is without merit. Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 19, is granted, and Murphy's § 2254 petition is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 10, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.